IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WILBUR EVANS                                                      PETITIONER

VS.                                                   CIVIL ACTION NO. 4:10CV21DPJ-FKB

DALE CASKEY                                                  RESPONDENT

REPORT AND RECOMMENDATION

This matter is before the court on respondent Dale Caskey's motion to dismiss (docket no. 8) pursuant to 28 U.S.C. § 2244(d). Petitioner opposes the motion, and for reasons the explained below, the undersigned recommends that the motion to dismiss be granted.

FACTS AND PROCEDURAL HISTORY

In August 2005, Evans was convicted of armed robbery in the Circuit Court of Lauderdale County, Mississippi. On August 22, 2005, the trial court sentenced him as a habitual offender to life without the possibility of parole in the custody of the Mississippi Department of Corrections. Evans appealed, and on May 27, 2007, the Mississippi Court of Appeals affirmed Evans' judgment and sentence. Evans v. State, 957 So. 2d 430 (Miss. App. 2007). Evans declined to seek discretionary review by the Mississippi Supreme Court as permitted by Rule 40 of the Mississippi Rule of Appellate Procedure.

On October 22, 2009, Evans filed both a "Motion for Leave to File a Successive Post Conviction" and a "Successive Petition" in the Mississippi Supreme Court. Evans' motion for leave to file was denied on December 15, 2009. The order denying the denying the motion recites that "[a]lthough Evans calls his motion successive, he has not previously sought post-conviction collateral relief and this is his first such motion". Thereafter, on February 22, 2010,

Evans filed in this court his current petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.

## DISCUSSION

In his petition, Evans maintains that his Equal Protection Rights were violated by the unequal application of Mississippi's habitual offender statute. He further urges that his trial counsel was ineffective for failing to protest the district attorney's application of the habitual offender statute. Respondent did not answer the petition, but instead has moved for dismissal, arguing that Evans' petition is untimely. In light of the court's conclusion that the respondent's motion should be granted, it will not address the substantiative issue presented in Evans' petition.

Turning to respondent's motion to dismiss, Caskey points to the revised 28 U.S.C. § 2244(d) as the basis for the motion. Amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

The AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing of a federal habeas petition. Because Evans filed for habeas relief after April 24, 1996, the effective date of the AEDPA, the Act's provisions are applicable to his petition. Asserting that Evans' petition does not fall into any of the exceptions listed in § 2244(d)(1)(B-D), respondent argues that the petition is untimely. According to respondent, Evans had until June 12, 2008, to file his petition, and, instead, he filed it in this court on February 22, 2010. The court's review of the relevant dates demonstrates that respondent is correct.

As previously stated, the Court of Appeals affirmed Evans' judgment and sentence on May 29, 2007. By failing to seek discretionary review as provided by Rule 40, Evans "stopped the appeal process" and was unable, even if he had been so inclined, to pursue further direct review by either the Mississippi Supreme Court or by the United States Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) (internal quotations and citations omitted) ("If the defendant stops the appeal process before that point, [i.e., the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort], the conviction becomes final when the time for seeking further direct review in the state court expires."). As such, here, petitioner's conviction became final, and the statute of limitations for filing federal habeas relief began to run, on Tuesday, June 12, 2007, fourteen days after the Mississippi Court of Appeals affirmed. See M.R.A.P. 40(a) (allowing fourteen days to file a petition for rehearing in the state court after direct appeal is affirmed). Under § 2244(d)(1), and without the benefit of tolling pursuant to § 2244(d)(2), Evans' application for a writ of habeas

3

corpus was due to filed in this court by Thursday, June 12, 2008. Instead, the petitioner filed his petition for writ of habeas corpus on February 22, 2010. Thus, Evans' petition is untimely under 28 U.S.C. § 2244 and should be dismissed.

The undersigned reaches this conclusion despite Evans' argument that the federal statute of limitations did not start running until the Mississippi Supreme Court ruled on his properly-filed and timely application for post-conviction relief in December, 2009. Contrary to petitioner's argument otherwise, under § 2244(d)(1)(A), the statute of limitations begins to run on the date that petitioner's judgment became final, and not upon the expiration of the three-year period of time afforded by Mississippi law in which a defendant may pursue state post-conviction relief. In order to have stopped the running of the federal limitations clock, Evans should have filed his application for state post-conviction relief within one year of the final judgment. The Fifth Circuit has recognized that a state habeas application filed more than one year after the petitioner's judgment became final does not "toll the limitation period under § 2244(d)(2)." Scott v. Johnson, 227 F. 3d 260, 263 (5th Cir. 2000) (emphasis in original).[1]

## CONCLUSION

Accordingly, for the reasons stated above, respondent's motion to dismiss should be granted**,** and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation

---

[1] Evans has not cited any "rare and exceptional circumstances" which would warrant equitable tolling. See Fisher v. Johnson, 174 F. 3d 719, 712 (5th Cir. 1999) (equitable tolling of ADEPA's one-year limitation period is appropriate in "rare and exceptional circumstances").

within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

   RESPECTFULLY SUBMITTED, this the _7th_ of May, 2010.

          /s/ F. Keith Ball_____
           UNITED STATES MAGISTRATE JUDGE